IN THE CIRCUIT COURT FOR THE STATE OF OREGON
FOR THE COUNTY OF CLACKAMAS

SUSAN STOFIEL, an individual,
                    **Plaintiff,**

      v.

PACIFIC COURIER SERVICES, LLC, a domestic limited
liability company,
                    **Defendant.**

Case No. LV|01|00>0

**SUMMONS**

TO:    PACIFIC COURIER SERVICES, LLC

       IN THE NAME OF THE STATE OF OREGON: You are hereby required to appear and defend the complaint filed against you in the above-entitled cause within 30 days from the date of service of this summons on you; and if you fail to appear and defend, the plaintiff will apply to the court for the relief demanded in the complaint.

**NOTICE TO DEFENDANT:**
**READ THESE PAPERS CAREFULLY**

       You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service on the plaintiff.

       If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll-free in Oregon at (800) 452-7636.

                            Stephanie J. Brown, OSB 030019, WSB 42030
                            sbrown@wageclaim.org
                            Attorney for Plaintiff
                            512-F NE 81st Street #313
                            Vancouver, WA 98665  (360) 566-9243

**STATE OF WASHINGTON, County of Clark )** ss
       I, the undersigned attorney of record for the Plaintiff, certify that the foregoing is an exact and complete copy of the original summons in the above entitled action.

                            Stephanie J. Brown, OSB 030019, WSB 42030
                            sbrown@wageclaim.org
                            Attorney for Plaintiff

**TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS:**   You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach hereto.

                            Stephanie J. Brown, OSB 030019, WSB 42030
                            sbrown@wageclaim.org
                            Attorney for Plaintiff

SCHUCK LAW, LLC
Attorneys at Law
512-F NE 81st Street #313 • Vancouver, WA 98665
Tel (360) 566-9243 • Fax (503) 575-2763

A TRUE COPY

By _____

Attorney at Law

1

2

3

4  IN THE CIRCUIT COURT FOR THE STATE OF OREGON

5  FOR THE COUNTY OF CLACKAMAS

6  SUSAN STOFIEL, an individual,          Case No. LV101 10070

7              Plaintiff,                 COMPLAINT

8      v.                                 Claims Less than $10,000

9  PACIFIC COURIER SERVICES, LLC, a       Subject to Mandatory Arbitration
   domestic limited liability company,
10                                        JURY TRIAL DEMANDED

11             Defendant.

12      Comes now the Plaintiff, Susan Stofiel, by and through the attorneys at Schuck Law,

13  LLC, and states and alleges as follows:

14                                        1.

15      At all times material herein, Plaintiff was employed by Defendant in the State of

16  Oregon.

17                                        2.

18      At all times material herein, the Defendant was a domestic limited liability company.

19                                        3.

20      At all times material herein, Defendant was doing business in Clackamas County in

21  Oregon.

22                                        4.

23      The Circuit Court of Oregon has personal jurisdiction over Defendant because it is a

24  company that was created under the laws of Oregon.

25  ///

26

Page 1 - Complaint

SCHUCK LAW, LLC
512-F NE 81st Street #313 • Vancouver, WA 98665
Tel (360) 566-9243 • Fax (503) 575-2763

5.

The Circuit Court of Oregon has personal jurisdiction over Defendant because it is engaged in substantial and not isolated activities within this state, because the events set forth in this complaint occurred in Oregon and because the claims arise out of services actually performed for the Defendant by the Plaintiff within Oregon.

6.

Plaintiff was an at will employee and was not contracted to work for any specific period of time.

7.

Plaintiff worked for Defendant from approximately September 18, 2007 through September 8, 2010.

8.

On or about October 21, 2010, Plaintiff made a written demand to Defendant to pay all Plaintiff's wages.

9.

Defendant failed to pay all wages due within 12 days of Plaintiff's written demand.

10.

On or about October 21, 2010, Plaintiff's attorney sent written notice of the wage claim to Defendant.

11.

Defendant agreed to pay Plaintiff $38,000 a year which is $18.27 per hour.

**FIRST CLAIM FOR RELIEF**

(FLSA Overtime, Liquidated Damages)

12.

Plaintiff re-alleges all paragraphs herein as though fully alleged herein.

///

Page 2 - Complaint

SCHUCK LAW, LLC
512-F NE 81st Street #313 • Vancouver, WA 98665
Tel (360) 566-9243 • Fax (503) 575-2763

13.

Defendant is subject to the requirements of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

14.

During the three year period of employment before filing of this case, Defendant allowed, suffered and permitted Plaintiff to perform work in excess of 40 hours per week for the benefit of Defendant.

15.

Defendant failed to pay Plaintiff 1 ½ times her regular hourly rate for the hours Plaintiff worked in excess of 40 hours for a single workweek as required by the FLSA and there remains due unpaid overtime in an amount to be determined.

16.

Defendant failed to pay overtime wages and premium wages to Plaintiff as required by the FLSA.

17.

Defendant was required to pay Plaintiff for all hours worked on Plaintiff's next regularly scheduled pay day under the FLSA.

18.

Defendant's conduct in failing to pay overtime wages and premium wages as alleged herein was willful, and there remain due and unpaid overtime wages in amounts to be determined.

19.

Plaintiff seeks damages in the form of overtime wages and overtime premium wages for Defendant's failure to pay overtime wages in amounts to be determined. In addition, Plaintiff seeks liquidated damages under the FLSA in an amount to be determined; plus pre-judgment and post-judgment interest on all damage amounts; plus costs and attorney fees

Page 3 - Complaint

SCHUCK LAW, LLC
512-F NE 81ˢᵗ Street #313 • Vancouver, WA 98665
Tel (360) 566-9243 • Fax (503) 575-2763

1  under the FLSA. 29 USC 216(b).

2  ## SECOND CLAIM FOR RELIEF

3  (Late Payment at Termination Claim).

4  20.

5  Plaintiff re-alleges all paragraphs as though fully alleged herein.

6  21.

7  During the course of Plaintiff's employment, Defendant allowed, suffered and

8  permitted Plaintiff to perform work for the benefit of Defendant.

9  22.

10  Defendant agreed to pay Plaintiff at the salary equivalent of $18.27 per hour.

11  23.

12  Defendant deducted wages from at least two of Plaintiff's paychecks for sick time

13  which is against Defendant's policy and a violation of ORS 652.610.

14  24.

15  Plaintiff quit her employment with Defendant on September 8, 2010 which was also

16  her last day of employment.

17  25.

18  Defendant failed to pay Plaintiff all wages as set out above in paragraph 23 and in

19  Plaintiff's First Claim for Relief, and wages remain due and owing to Plaintiff.

20  26.

21  Defendant was required to pay Plaintiff for all time worked for Defendant on her next

22  regularly scheduled pay day under ORS 652.120 and ORS 653.010.

23  27.

24  Defendant failed and refused to pay Plaintiff for all work she performed for it on her

25  next regularly scheduled pay day and there remains wages due in an amount to be determined

26  after discovery is complete.

Page 4 - Complaint

SCHUCK LAW, LLC
512-F NE 81ˢᵗ Street #313 • Vancouver, WA 98665
Tel (360) 566-9243 • Fax (503) 575-2763

Exhibit A
5 of 27

1  
28.

2   Defendant failed to make payment of all of Plaintiff's earned wages when due and  
3   when required by ORS 652.140.

4  
29.

5   In failing to pay all of Plaintiff's final wages at termination, Defendant was a free  
6   agent.

7  
30.

8   In failing to pay all of Plaintiff's final wages at termination, Defendant determined its  
9   own actions.

10  
31.

11   In failing to pay all of Plaintiff's final wages at termination, Defendant was not  
12.   responsible to, nor coerced by any other person, or entity, or authority.

13  
32.

14   Defendant knew Plaintiff's employment for Defendant had ended.

15  
33.

16   Defendant possessed all information regarding the hours worked by Plaintiff and the  
17   amount of wages due Plaintiff at termination.

18  
34.

19   Defendant was capable of paying all Plaintiff's wages earned and due at termination.

20  
35.

21   Defendant's failure to make payment of Plaintiff's final wages when due was wilful  
22   and continued for not less than 30 days.

23  
36.

24   On or about October 21, 2010, Plaintiff made a written demand to Defendant to pay all  
25   Plaintiff's wages.

26   ///

Page 5 - Complaint

SCHUCK LAW, LLC
512-P NE 81st Street #313 • Vancouver, WA 98665
Tel (360) 566-9243 • Fax (503) 575-2763

37.

Defendant failed to pay all wages due within 12 days of Plaintiff's written demand.

38.

On or about October 21, 2010, Plaintiff's attorney sent written notice of the wage claim to Defendant.

39.

Because of Defendant's failure to make payment of final wages when due, Plaintiff is due statutory penalty wages, pursuant to ORS 652.150, for the continuation of Plaintiff's unpaid final wages for not less than 30 days.

40.

Because of Defendant's failure to pay Plaintiff's wages within 48 hours after they were due, Plaintiff is entitled to recover costs, disbursements, and reasonable attorney fees, under ORS 652.200(2).

41.

Plaintiff seeks statutory wages under ORS 652.150, and costs, disbursements and attorney fees, under ORS 652.200(2).

**WHEREFORE, Plaintiff demands judgment from Defendant:**

**Upon Plaintiff's first claim for relief for failing to pay FLSA overtime wages:**

1.    Unpaid overtime wages in an amount to be determined.

2.    Liquidated damages under the FLSA in an amount to be determined.

3.    Pre-judgment and post-judgment interest on all damage amounts; plus costs, disbursements, and attorney fees under the FLSA. 29 USC 216(b).

**Upon Plaintiff's second claim for relief for failing to timely pay all wages on termination:**

1.    Unpaid wages in an amount to be determined.

2.    Statutory penalties pursuant to ORS 652.150.

Page 6 - Complaint

SCHUCK LAW, LLC
512-F NE 81ˢᵗ Street #313 • Vancouver, WA 98665
Tel (360) 566-9243 • Fax (503) 575-2763

3.    Pre-judgment and post-judgment interest on all damage amounts, plus costs,

disbursements, and attorney fees pursuant to ORS 652.200

Upon any counterclaim or defense asserted by Defendant without a objectively

reasonable basis, or where Defendant disobeys a court order:

1.    Plaintiff is entitled to recover attorney fees and costs pursuant to ORS 20.105.

DATED: October 29, 2010.



Stephanie J. Brown, OSB 030019, WSB 42030
sbrown@wageclaim.org
Attorney for Plaintiff

Page 7 - Complaint

SCHUCK LAW, LLC
512-F NE 81st Street #313 • Vancouver, WA 98665
Tel (360) 566-9243 • Fax (503) 575-2763

Exhibit A
8 of 27

**IN THE CIRCUIT COURT FOR THE STATE OF OREGON**

**FOR THE COUNTY OF CLACKAMAS**

| | |
|---|---|
| SUSAN STOFIEL, an individual, | Case No. LV10110020 |
| **Plaintiff,** | **NOTICE OF AMENDMENT OF COMPLAINT** |
| v. | **(ORCP 23A)** |
| PACIFIC COURIER SERVICES, LLC, a domestic limited liability company, | |
| **Defendant.** | |

COMES NOW the above named Plaintiff, and under ORCP 23A, files herewith Plaintiff's Amended Complaint. This amendment being brought prior to Defendant serving a responsive pleading thereto and Plaintiff being entitled to so file this amended complaint as a matter of right.

DATED: December 10, 2010.

David A. Schuck, OSB 993564, WSB 37285
dschuck@wageclaim.org
Attorney for Plaintiff

Page 1 - Notice of Amendment of Complaint (ORCP 23 A)

Exhibit A
9 of 27

1

### CERTIFICATE OF SERVICE

2   I hereby certify that I caused to be served the foregoing **Notice of Amendment of Complaint (ORCP 23 A)** upon:

3

4   Joy Ellis
    Garvey Schubert Barer
    121 SW Morrison Street
5   Portland OR 97204
    Jellis@gsblaw.com

6

    by the following indicated method(s):

7

    [X]  by **mailing** a full, true, and correct copy thereof in a sealed, first-class postage-prepaid
8        envelope, addressed to the person as shown above, the last-known office address of
         the person, and deposited with the United States Postal Service on December 14,
9        2010.

10  [  ]  by causing a full, true, and correct copy thereof to be **hand-delivered** to the person
          listed above on December 14, 2010.

11

12  [  ]  by sending a full, true, and correct copy thereof via **overnight courier** in a sealed,
          prepaid envelope, addressed to the attorney as shown above, the last-known office
          address of the person, on December 14, 2010.

13

14  [  ]  by **faxing** a full, true, and correct copy thereof to the person at facsimile number,
          which is the last-known fax number for the person, on the date set forth below.  The
15        receiving fax machine was operating at the time of service and the transmission was
          properly completed.  Attached herewith is the confirmation of receipt which was
16        generated by the transmitting machine.

17  [  ]  by **emailing** a full, true, and correct copy thereof to the person(s) above at on
          December 14, 2010.  Defense counsel has agreed in writing to be served by email.

18  [  ]  by **certified mailing** a full, true, and correct copy thereof in a sealed, first-class
          postage-prepaid envelope, addressed to the person as shown above, the last-known
19        office address of the person, and deposited with the United States Postal Service at
          Vancouver, Washington on December 14, 2010.

20

21                          DATED: December 14, 2010.

22

23                          Stephanie J. Brown, OSB 03001
                            Sbrown@wageclaim.org
24                          Attorney for Plaintiff

25

26

IN THE CIRCUIT COURT FOR THE STATE OF OREGON

FOR THE COUNTY OF CLACKAMAS

| | |
|---|---|
| SUSAN STOFIEL, an individual, | Case No. |
| **Plaintiff,** | **AMENDED COMPLAINT** |
| v. | **Claims between $50,000 to $149,999** |
| PACIFIC COURIER SERVICES, LLC, a domestic limited liability company, | **Subject to Mandatory Arbitration** |
| **Defendant.** | **JURY TRIAL DEMANDED** |

Comes now the Plaintiff, Susan Stofiel, by and through the attorneys at Schuck Law, LLC, and states and alleges as follows:

1.

At all times material herein, Plaintiff was employed by Defendant in the State of Oregon.

2.

At all times material herein, the Defendant was a domestic limited liability company.

3.

At all times material herein, Defendant was doing business in Clackamas County in Oregon.

4.

The Circuit Court of Oregon has personal jurisdiction over Defendant because it is a company that was created under the laws of Oregon.

///

Page 1 - Amended Complaint

SCHUCK LAW, LLC
512-F NE 81ˢᵗ Street #313 • Vancouver, WA 98665
Tel (360) 566-9243 • Fax (503) 575-2763

Exhibit A
11 of 27

**5.**

The Circuit Court of Oregon has personal jurisdiction over Defendant because it is engaged in substantial and not isolated activities within this state, because the events set forth in this complaint occurred in Oregon and because the claims arise out of services actually performed for the Defendant by the Plaintiff within Oregon.

**6.**

Plaintiff was an at will employee and was not contracted to work for any specific period of time.

**7.**

Plaintiff worked for Defendant from approximately September 18, 2007 through September 8, 2010.

**8.**

On or about October 21, 2010, Plaintiff made a written demand to Defendant to pay all Plaintiff's wages.

**9.**

Defendant failed to pay all wages due within 12 days of Plaintiff's written demand.

**10.**

On or about October 21, 2010, Plaintiff's attorney sent written notice of the wage claim to Defendant.

**11.**

Defendant agreed to pay Plaintiff $38,000 a year which is $18.27 per hour.

**FIRST CLAIM FOR RELIEF**

(FLSA Overtime, Liquidated Damages)

**12.**

Plaintiff re-alleges all paragraphs herein as though fully alleged herein.

///

Page 2 - Amended Complaint

**Schuck Law, LLC**
512-F NE 81st Street #313 • Vancouver, WA 98665
Tel (360) 566-9243 • Fax (503) 575-2763

1    13.

2    Defendant is subject to the requirements of the Fair Labor Standards Act of 1938, 29

3    U.S.C. §§ 201-219 ("FLSA").

4    14.

5    During the three year period of employment before filing of this case, Defendant

6    allowed, suffered and permitted Plaintiff to perform work in excess of 40 hours per week for

7    the benefit of Defendant.

8    15.

9    Defendant failed to pay Plaintiff 1 ½ times her regular hourly rate for the hours

10   Plaintiff worked in excess of 40 hours for a single workweek as required by the FLSA and

11   there remains due unpaid overtime in an amount to be determined.

12   16.

13   Defendant failed to pay overtime wages and premium wages to Plaintiff as required by

14   the FLSA.

15   17.

16   Defendant was required to pay Plaintiff for all hours worked on Plaintiff's next

17   regularly scheduled pay day under the FLSA.

18   18.

19   Defendant's conduct in failing to pay overtime wages and premium wages as alleged

20   herein was willful, and there remain due and unpaid overtime wages in amounts to be

21   determined.

22   19.

23   Plaintiff seeks damages in the form of overtime wages and overtime premium wages

24   for Defendant's failure to pay overtime wages in amounts to be determined.  In addition,

25   Plaintiff seeks liquidated damages under the FLSA in an amount to be determined; plus pre-

26   judgment and post-judgment interest on all damage amounts; plus costs and attorney fees

Page 3 - Amended Complaint

**SCHUCK LAW, LLC**
512-F NE 81ˢᵗ Street #313 • Vancouver, WA 98665
Tel (360) 566-9243 • Fax (503) 575-2763

1 | under the FLSA. 29 USC 216(b).

2 | **SECOND CLAIM FOR RELIEF**

3 | (Late Payment at Termination Claim)

4 | 20.

5 | Plaintiff re-alleges all paragraphs as though fully alleged herein.

6 | 21.

7 | During the course of Plaintiff's employment, Defendant allowed, suffered and

8 | permitted Plaintiff to perform work for the benefit of Defendant.

9 | 22.

10 | Defendant agreed to pay Plaintiff at the salary equivalent of $18.27 per hour.

11 | 23.

12 | Defendant deducted wages from at least two of Plaintiff's paychecks for sick time

13 | which is against Defendant's policy and a violation of ORS 652.610.

14 | 24.

15 | Plaintiff quit her employment with Defendant on September 8, 2010 which was also

16 | her last day of employment.

17 | 25.

18 | Defendant failed to pay Plaintiff all wages as set out above in paragraph 23 and in

19 | Plaintiff's First Claim for Relief, and wages remain due and owing to Plaintiff.

20 | 26.

21 | Defendant was required to pay Plaintiff for all time worked for Defendant on her next

22 | regularly scheduled pay day under ORS 652.120 and ORS 653.010.

23 | 27.

24 | Defendant failed and refused to pay Plaintiff for all work she performed for it on her

25 | next regularly scheduled pay day and there remains wages due in an amount to be determined

26 | after discovery is complete.

Page 4 - Amended Complaint

28.

Defendant failed to make payment of all of Plaintiff's earned wages when due and when required by ORS 652.140.

29.

In failing to pay all of Plaintiff's final wages at termination, Defendant was a free agent.

30.

In failing to pay all of Plaintiff's final wages at termination, Defendant determined its own actions.

31.

In failing to pay all of Plaintiff's final wages at termination, Defendant was not responsible to, nor coerced by any other person, or entity, or authority.

32.

Defendant knew Plaintiff's employment for Defendant had ended.

33.

Defendant possessed all information regarding the hours worked by Plaintiff and the amount of wages due Plaintiff at termination.

34.

Defendant was capable of paying all Plaintiff's wages earned and due at termination.

35.

Defendant's failure to make payment of Plaintiff's final wages when due was wilful and continued for not less than 30 days.

36.

On or about October 21, 2010, Plaintiff made a written demand to Defendant to pay all Plaintiff's wages.

///

Page 5 - Amended Complaint

37.

Defendant failed to pay all wages due within 12 days of Plaintiff's written demand.

38.

On or about October 21, 2010, Plaintiff's attorney sent written notice of the wage claim to Defendant.

39.

Because of Defendant's failure to make payment of final wages when due, Plaintiff is due statutory penalty wages, pursuant to ORS 652.150, for the continuation of Plaintiff's unpaid final wages for not less than 30 days.

40.

Because of Defendant's failure to pay Plaintiff's wages within 48 hours after they were due, Plaintiff is entitled to recover costs, disbursements, and reasonable attorney fees, under ORS 652.200(2).

41.

Plaintiff seeks statutory wages under ORS 652.150, and costs, disbursements and attorney fees, under ORS 652.200(2).

**WHEREFORE,** Plaintiff demands judgment from Defendant:

**Upon Plaintiff's first claim for relief for failing to pay FLSA overtime wages:**

1.  Unpaid overtime wages in an amount to be determined.

2.  Liquidated damages under the FLSA in an amount to be determined.

3.  Pre-judgment and post-judgment interest on all damage amounts; plus costs, disbursements, and attorney fees under the FLSA.  29 USC 216(b).

///
///
///
///

Page 6 - Amended Complaint

**SCHUCK LAW, LLC**
512-F NE 81st Street #313 • Vancouver, WA 98665
Tel (360) 566-9243 • Fax (503) 575-2763

1   Upon Plaintiff's second claim for relief for failing to timely pay all wages on

2   termination:

3   1.    Unpaid wages in an amount to be determined.

4   2.    Statutory penalties pursuant to ORS 652.150.

5   3.    Pre-judgment and post- judgment interest on all damage amounts, plus costs,

6          disbursements, and attorney fees pursuant to ORS 652.200

7   Upon any counterclaim or defense asserted by Defendant without a objectively

8   reasonable basis, or where Defendant disobeys a court order:

9   1.    Plaintiff is entitled to recover attorney fees and costs pursuant to ORS 20.105.

10

11                       DATED: December 13, 2010

12

13

14                       David A. Schuck, OSB 993564

15                       dschuck@wageclaim.org
                        Stephanie J. Brown, OSB 030019, WSB 42030

16                       sbrown@wageclaim.org
                      Attorney for Plaintiff

17

18

19

20

21

22

23

24

25

26

Page 7 - Amended Complaint

**CERTIFICATE OF SERVICE**

I hereby certify that I caused to be served the foregoing **Amended Complaint** upon:

Joy Ellis
Garvey Schubert Barer
121 SW Morrison Street
Portland OR 97204
Jellis@gsblaw.com

by the following indicated method(s):

[ ✓ ]    by **mailing** a full, true, and correct copy thereof in a sealed, first-class postage-prepaid envelope, addressed to the person as shown above, the last-known office address of the person, and deposited with the United States Postal Service on December 14, 2010.

[ ]    by causing a full, true, and correct copy thereof to be **hand-delivered** to the person listed above on December 14, 2010.

[ ]    by sending a full, true, and correct copy thereof via **overnight courier** in a sealed, prepaid envelope, addressed to the attorney as shown above, the last-known office address of the person, on December 14, 2010.

[ ]    by **faxing** a full, true, and correct copy thereof to the person at facsimile number, which is the last-known fax number for the person, on the date set forth below. The receiving fax machine was operating at the time of service and the transmission was properly completed. Attached herewith is the confirmation of receipt which was generated by the transmitting machine.

[ ]    by **emailing** a full, true, and correct copy thereof to the person(s) above at on December 14, 2010. Defense counsel has agreed in writing to be served by email.

[ ]    by **certified mailing** a full, true, and correct copy thereof in a sealed, first-class postage-prepaid envelope, addressed to the person as shown above, the last-known office address of the person, and deposited with the United States Postal Service at Vancouver, Washington on December 14, 2010.

DATED: December 14, 2010.

Stephanie J. Brown, OSB 03001
Sbrown@wageclaim.org
Attorney for Plaintiff



IN THE CIRCUIT COURT FOR THE STATE OF OREGON

FOR THE COUNTY OF CLACKAMAS

SUSAN STOFIEL, an individual,

                  Plaintiff,

v.

PACIFIC COURIER SERVICES, LLC, a
domestic limited liability company,

                  Defendant.

Case No. LV1011002O

PLAINTIFF'S FIRST REQUEST
FOR ADMISSIONS

TO:   Defendant Pacific Courier Services, LLC

      Plaintiff Susan Stofiel hereby requests that Defendant answer the following requests

for admissions.

      FAILURE TO SERVE A WRITTEN ANSWER OR OBJECTION WITHIN THE

TIME ALLOWED BY ORCP 45(B) WILL RESULT IN ADMISSION OF THE

FOLLOWING REQUESTS.

             TIME, DATE AND PLACE FOR PRODUCTION

TIME:     10:00 AM

DATE:    45 days Days After Service of these Requests

PLACE:   SCHUCK LAW, LLC
           Attorneys at Law
           512-F NE 81st Street #313 • Vancouver, WA 98665
           Tel (360) 566-9243 • Fax (503) 575-2763

Page 1 - Plaintiff's First Request for Admissions

1    **REQUEST FOR ADMISSION NO. 1**: Admit Plaintiff worked for Defendant.

2    **RESPONSE:**

3

4    **REQUEST FOR ADMISSION NO. 2**: Admit Plaintiff worked over 40 in at least

5    one work week while employed by Defendant.

6    **RESPONSE:**

7

8    **REQUEST FOR ADMISSION NO. 3**: Admit Defendant did not pay Plaintiff at 1 ½

9    times her regular hourly rate for hte hours she worked over 40 in Request for Admission No.

10    2.

11    **RESPONSE:**

12

13    **REQUEST FOR ADMISSION NO. 4**: Admit Defendant deducted one day's wages

14    from Plaintiff's wages because she did not come to work due to being sick.

15    **RESPONSE:**

16

17    **REQUEST FOR ADMISSION NO. 5**: Admit Defendant's policy is to pay its

18    employees for a certain amount of sick days per year.

19    **RESPONSE:**

20

21                          DATED: November 19, 2010.

22

23

24                          Stephanie J. Brown, OSB 030019, WSB 42030
                            sbrown@wageclaim.org
                            Attorney for Plaintiff

25

26

Page 2 - Plaintiff's First Request for Admissions



1

2

3

4    IN THE CIRCUIT COURT FOR THE STATE OF OREGON

5    FOR THE COUNTY OF CLACKAMAS

6    SUSAN STOFIEL, an individual,                    Case No. LV101 10020

7                            Plaintiff,               PLAINTIFF'S FIRST REQUEST
                                                      FOR PRODUCTION OF
8        v.                                           DOCUMENTS

9    PACIFIC COURIER SERVICES, LLC, a
     domestic limited liability company,
10

11                          Defendant.

12   _____

13   TO:   Defendant Pacific Courier Services, LLC

14         Plaintiff Susan Stofiel hereby requests that Defendant make the following documents

15   available for inspection and copying at:

16   TIME:     10:00 AM

17   DATE:     45 days Days After Service of these Requests

18   PLACE:    SCHUCK LAW, LLC
               Attorneys at Law
19             512-F NE 81st Street #313 • Vancouver, WA 98665
               Tel (360) 566-9243 • Fax (503) 575-2763
20

21

22

23

24

25

26

Page 1 - Plaintiff's First Request for Production of Documents

Exhibit A
21 of 27

## DEFINITIONS

a.    "Documents" as used in this request means:  (1) all original written, recorded, taped, filmed or graphic matters whatsoever and all annotated or non-identical copies thereof. In all cases where originals are not available, "documents" also means identical copies of original documents and non-identical copies thereof.  (2) all writings, contracts, agreements, correspondence, papers, memoranda, diaries, stenographic, handwritten or computer notes, notations, jottings, inter-office or intra-office memoranda and notes of meetings and/or conversations, minutes,  (3) all calendars, desk calendars, appointment books, time record books, logs, schedules,  (4) all photographs, plans, specifications, tangible things, manuals, promotional material, sound recordings,  (5) all communications, telegrams, letters, notes, transcripts, reports and recordings of telephone or other conversations, or of interviews, or of conferences, or of other meetings, affidavits, statements, summaries,  (6) all opinions, reports, studies, examinations, analyses, evaluations, agendas, work papers, statistical records, (7) all bulletins, notices, announcements, advertisements, instructions, manuals, brochures, publications, schedules, price lists, client lists, journals, lists, tabulations, publications, (8) all computer program data files, all computer printouts, data processing program library, data processing input and output, microfilm, books of account, records, and invoices reflecting business operations, reports, books, records, permits, licenses, bills, canceled checks, charges, financial statements, ledgers, journals, invoices statements, all records kept by electronic, photographic or mechanical means, any notes or drafts relating to the foregoing and all things similar to any of the foregoing however denominated.

b.    "Electronic Data" as used in this request includes information from Defendant's computer systems, removable electronic media and other locations.  This further includes, but is not limited to, all documents, text files, e-mail and other electronic communication (including logs of e-mail history and usage, header information and "deleted" files), word processing documents, spreadsheets, databases, data dictionaries, calendars, telephone logs, fax logs, alarm or security logs or records, video security or other tapes or recordings, contact manager information, internet usage files, backup files and tapes, image files, and network access information.  This also includes data on personal, home or laptop computers of personnel containing potentially discoverable information.  With respect to all of the above, produce the data in native file format with any metadata intact.

c.    Produce all non-identical copies of all responsive documents including copies that bear marks, notations or changes not present on the original.

d.    If any documents are withheld on grounds of attorney/client privilege or attorney work product privilege, identify the author, each recipient thereof, the nature of the document and the basis upon which the privilege is asserted.

e.    If any document requested was, but no longer is in the possession, custody, or control of Defendant, or in existence, state whether it (1) is missing or lost, (2) has been destroyed, (3) has been transferred, voluntarily or involuntarily, to others, or (4) has been otherwise disposed of.  For each such instance, explain the circumstances surrounding such disposition, give the date or approximate date thereof, and the names and last known home and business addresses of these persons with knowledge of such circumstances.

f.    "Defendant" as used herein refers to all parties named in this action as defendant, and all agents, employees or other persons with an interest in any party.

g.    These requests for production are continuing and, in the event you discover further information that is responsive to them, you are to supplement your answers. If you fail to supplement this answer in a reasonable fashion, requestor will move the court for an order excluding from evidence at trial any matter which is responsive and not furnished.

---

Page 2 - Plaintiff's First Request for Production of Documents

SCHUCK LAW, LLC
512-F NE 81st Street #313 • Vancouver, WA 98665
Tel (360) 566-9243 • Fax (503) 575-2763

1    **Request for Production No. 1:** Produce all employment agreements, contracts,

2    covenants and addendums between Plaintiff and Defendant. This request includes, but is not

3    limited to, Documents and Electronic Data as defined above.

4    **Response:**

5

6    **Request for Production No. 2:** Produce all documents created by, directed to or

7    otherwise circulated by Defendant wherein Plaintiff's name is mentioned. This request

8    includes, but is not limited to, Documents and Electronic Data as defined above.

9    **Response:**

10

11    **Request for Production No. 3:** Produce all application forms, resumes or other such

12    documents submitted by Plaintiff to Defendant. This request includes, but is not limited to,

13    Documents and Electronic Data as defined above.

14    **Response:**

15

16    **Request for Production No. 4:** Produce all of Defendant's want ads, advertisements,

17    job posting or other like documents advertising vacancies for any job position for which

18    Plaintiff worked in the three year period prior to the ending of Plaintiff's employment. This

19    request includes, but is not limited to, Documents and Electronic Data as defined above.

20    **Response:**

21

22    **Request for Production No. 5:** Produce all documents created by, directed to or

23    otherwise circulated by Defendant that refers to the subject of Plaintiff's wages, earnings

24    and/or other compensation either individually or by inclusion in a larger group. This request

25    includes, but is not limited to, Documents and Electronic Data as defined above.

26    **Response:**

Page 3 - Plaintiff's First Request for Production of Documents

SCHUCK LAW, LLC
512-F NE 81st Street #313 • Vancouver, WA 98665
Tel (360) 566-9243 • Fax (503) 575-2763

1    **Request for Production No. 6:** Produce all documents contained in Plaintiff's
2    personnel file and records, including all notes, notations, or other entries or marks of any
3    nature whatsoever and including the cover of the file. Defendant shall make explicit
4    identification of the documents it produces responsive to this request. This request includes,
5    but is not limited to, Documents and Electronic Data as defined above.
6        **Response:**

7

8        **Request for Production No. 7:** Produce all documents showing all hours Plaintiff
9    worked for Defendant. This request includes, but not limited to, all of Plaintiff's time records,
10   time cards; punch clock records, time sheets, computer log in and log out details, cash register
11   log in and log out details and Electronic Data as defined above.
12       **Response:**

13

14       **Request for Production No. 8:** Produce all documents showing the hours Plaintiff
15   was expected or scheduled to work. This request includes, but not limited to, all of Plaintiff's
16   work schedules reflecting when Plaintiff was scheduled to work, work schedules reflecting
17   when Plaintiff was scheduled to have rest breaks and/or lunch periods, and Electronic Data as
18   defined above.
19       **Response:**

20

21       **Request for Production No. 9:** Produce all paychecks and pay check stubs issued to
22   Plaintiff from the date of hire to termination. This request includes, but is not limited to,
23   Documents and Electronic Data as defined above.
24       **Response:**

25

26       **Request for Production No. 10:** Produce all of Defendant's employee manuals or

Page 4 - Plaintiff's First Request for Production of Documents

SCHUCK LAW, LLC
512-F NE 81st Street #313 • Vancouver, WA 98665
Tel (360) 566-9243 • Fax (503) 575-2763

1  employee handbooks in place during the course of Plaintiff's employment with Defendant,

2  and any subsequent amendments thereto, setting forth or otherwise describing Defendant's

3  employment practices, policies and procedures.  This request includes, but is not limited to,

4  Documents and Electronic Data as defined above.

5        **Response:**

6

7        **Request for Production No. 11:** Produce all of Defendant's payroll manual in place

8  during the course of Plaintiff's employment with Defendant, and any subsequent amendments

9  thereto, setting forth or otherwise describing Defendant's payroll practices, policies and

10  procedures.  This request is limited to a six year period prior to the filing of the complaint in

11  this action.  This request includes, but is not limited to, Documents and Electronic Data as

12  defined above.

13        **Response:**

14

15        **Request for Production No. 12:** Produce all documents relating to Plaintiff's

16  termination.  This request includes, but is not limited to, any termination reports, exit

17  reports/interviews, any documents setting out the date of separation from employment, the

18  method of separation (e.g. quit with 48 hours notice, quit without notice, fired), and

19  Electronic Data as defined above.

20        **Response:**

21

22        **Request for Production No. 13:** Produce all document describing, setting out,

23  amending or explaining Plaintiff's job duties whether directed to Plaintiff individually or by

24  inclusion in a larger group.  This request includes, but is not limited to, Documents and

25  Electronic Data as defined above.

26        **Response:**

---

Page 5 - Plaintiff's First Request for Production of Documents

SCHUCK LAW, LLC
512-F NE 81st Street #313 • Vancouver, WA 98665
Tel (360) 566-9243 • Fax (503) 575-2763

1      **Request for Production No. 14:** Produce all documents referencing any employment

2   benefits Defendant offered to Plaintiff either individually or by inclusion in a larger group.

3   This request includes, but is not limited to, Documents and Electronic Data as defined above.

4      **Response:**

5

6      **Request for Production No. 15:** Produce all documents created by, directed to or

7   otherwise circulated by Defendants regarding Plaintiff's performance, including any and all

8   records of performance evaluations performed, commendations, awards, testing, interviews,

9   counseling, accident or incident reports, disciplinary actions or any other record or any act or

10  activity addressing issues of Plaintiff's performance. This request includes written

11  communications between Defendant and any of its clients where Plaintiff's performance was

12  discussed.  This request also included any notes taken by any of Defendant's employees or

13  management documenting communications between Defendant and any of its clients

14  regarding Plaintiff's performance.  This request includes, but is not limited to, Documents and

15  Electronic Data as defined above.

16     **Response:**

17

18     **Request for Production No. 16:** Produce all documents pertaining to the orientation

19  or any training on Defendant's employment practices, policies and procedures received by

20  Plaintiff.  This request includes, but is not limited to, Documents and Electronic Data as

21  defined above.

22     **Response:**

23

24

25     **Request for Production No. 17:** Produce all documents created by, directed to or

26  otherwise circulated by Defendant reflecting all communications made to any of Defendant's

Page 6 - Plaintiff's First Request for Production of Documents

1 │ employees pertaining to Plaintiff's employment relationship, work performance or other

2 │ employment-related circumstances. This request includes, but is not limited to, Documents

3 │ and Electronic Data as defined above.

4 │    **Response:**

5 │

6 │    **Request for Production No. 18:** Produce all documents created by, directed to or

7 │ otherwise circulated by Defendant reflecting all communications made by Defendant in

8 │ response to inquiries pertaining to Plaintiff's employment relationship, work performance or

9 │ other employment-related circumstances. This request includes, but is not limited to,

10 │ Documents and Electronic Data as defined above.

11 │    **Response:**

12 │

13 │                        DATED: November 19, 2010.

14 │

15 │                        Stephanie J. Brown, OSB 030019, WSB 42030
    │                        sbrown@wagelaim.org
16 │                        Attorney for Plaintiff

17 │

18 │

19 │

20 │

21 │

22 │

23 │

24 │

25 │

26 │

Page 7 - Plaintiff's First Request for Production of Documents

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **DEFENDANT'S NOTICE OF REMOVAL** was served on:

> David A. Schuck
> Stephanie J. Brown
> Schuck Law, LLC
> 512-F NE 81st Street, #313
> Vancouver, WA 98665
>
> Attorneys for Plaintiff

pursuant to LR 100.7 and by mailing a copy of the original thereof to the address as above set forth on December 23, 2010.

> /s/ Joy Ellis
> Joy Ellis
> Of Attorneys for Defendant

PDX_DOCS:459784.1 [36755.00600]